OPINION of the Court, by
Judge Trimble.
— Thia is an action of assumpsit, brought by Slack against Price. The original declaration contained a single count, which was for money lent, laid out and expend- *273 fed by the plaintiff to the defendant, and for his visé* To this non assumpsit was pleaded, and issue joined. Upon the trial the jury found for the plaintiff; and, on motion of defendant, a new trial was awarded, but without being on payment of costs ; and the record states no reason why the defendant was not subjected to the costs of the term. On the second trial the jury found for the plaintiff £. 4 5s. 10d. in damages. The defendant moved in arrest of judgment, in which he failed. He then moved for a new trial, which was granted him, and the costs directed to abide the event of the suit. After which the plaintiff obtained leave to amend his declaration, and in the amended declaration inserted several other counts $ the last of which is founded upon an award made between the parties, in which £.5 11s. Id. is awarded in favor of the plaintiff. To this amended declaration the defendant pleaded the general issue, which was joined ; and also two special pleas, which went to the last count of the declaration only ; to which special pleas the plaintiff put in replications, which were demurred to by the defendant, which demurrers were joined by the plaintiff. Upon argument the inferior court held the law for the defendant, and sustained the demurrers. On the trial of the general issue the jury found a verdict for the defendant, upon which judgment was rendered ; to which judgment the plaintiff hath prosecuted this writ of error.
On award to pay money with out any day fix* ed, the money is due prefently, and no demand was ne-cefiary to enable plaintiff to maintain hisac. tion on the a« ward.
Upon plea of tender & refufal the money muifc be brought into court, and To ftated in the plea.
Upon the plea of tender found for the defendant, the plain, tiff is entitled to take the money tendered out of court.
The defendant having pleaded the general if-fue, and two bad fpecial pleas • to one count, which pleas were adjudged good upon demurrer in the court below, the verdict upon the general issue fet a-fide, and new trial awarded.
It is prefumed a new trial was properly award* eá, unlefs the record /hews the contrary.
*273 Several errors have been assigned by the plaintiff, and we will first notice those which seem most material.
The third assignment alleges “ the special pleas are bad;” and the eighth objects that “the plea of tender has not avered he was tout temps prist.”
Before we proceed to consider the special pleas, we will premise that the demurrers brought the whole record before the court, and the court were, by law, bound to give judgment upon the demurrers against the party who, in matter of substance, had committed the first fault in pleading; so that although the replications might be insufficient, yet if the pleas were bad in substance, judgment should have been given for the plaintiff.
The first special plea furnishes no bar to the plaintiff’s right of recovery upon the count in his declaration, to which it applies. It admits the submission and award *274 of five pounds eleven shillings and one penny In favor of the plaintiff, as alleged in his count, but, in bar of the action, alleges that no time was expressed in the award for the payment of the money ; that the defendant was therefore allowed by law a reasonable time to procure the money, and that after the expiration of such reasonable time, no demand of the money was made before bringing the action. No time being fixed in the award for the payment of the money, it was due and payable presently ; and the defendant was by law allowed no longer or other time to procure it than if he had given his note or bond for that amount, without expressing the time of payment. The duty arose on the making of the award ; and no demand was necessary to entitle the plaintiff to maintain his action.
The general rule is, that a new trial muft be upon pay. ment of cofts of the term— Bull. N, P. 327.8.
To this rule there are exceptions, and if the new trial is granted without payment of cofts, the court ihould ftate the fpecial reai'ons for making the exception to the general rule
New trial, be caufe verdict is contrary to evidence, muft be on payment of Cofts.
Judgment for defendant being reverfed on writ of error bv plaintiff below, the court below directed to order, mir.c pro tunCf the pay. ment of cofts of two new trials, which had been granted on motion of defendant, without cofts.
The law arising upon the first demurrer was clearly for the plaintiff; and judgment ought to have been given for him thereon, because of the insufficiency of the defendant’s plea. This not having been done, is aloné sufficient cause for reversal.
The second special plea is subject to the objections which have been made to the first; and besides, as to that part of it which alleges a tender, (which is not alleged in the first,) it is subject to the objection taken to it in the eighth assignment of error, that it does not aver the defendant was always ready.
But this plea, considered as a plea of tender and refusal, is liable to other objections deemed material. It has already been observed, that no time being expressed by the award, which was made on the 27th of July, for the payment of the money, it was due and payable presently. The defendant was therefore bound to aver that he was from that time always ready to pay ; this he has not averred, and from his own shewing it appears he was not ready, for he alleges in this plea that he was not bound to pay until after a reasonable time allowed him to get the money, and that within such reasonable time, to wit, on the 29th of July, he tendered, &c. This plainly admits that from the 27th to the 29th he was not ready — Sal. 622. The plea ought to have alleged, that from the time of the making the award, he had been ready until the time of the alleged tender, and that he had been always afterwards ready. Independent of these objections there is another, which must be deem- *275 ¡Eci fatal to the plea. It does not state that the money, admitted by the defendant to be due, was by him brought or paid into court; it only alleges that he “ now tenders it to the plaintiff,” which is insufficient. The difference is important. Where the defendant pleads a tender and refusal, he must always pay the money into court, and must shew it by his plea; because, although the plaintiff refuses to accept the money, but takes issue upon the tender, which issue is found against him, whereby he is subjected to the costs of the suit, yet he shall, after the issue found, take the money admitted by the plea to be due. But, as the plea is here pleaded, the defendant may have tendered the money to the plaintiff at the filing of the plea, but without paying the money into court; and upon the plaintiff’s taking issue upon the tender, may have returned the money into his own pocket, out of the control of the court; and after the verdict for him, may have carried it safely home. For these reasons the second special pleamust be deemed bad in substance ; and consequently the judgment on the second demurrer ought also to have been for the plaintiff.
The issues of fact not having been tried until after the demurrers were erroneously decided in favor of the defendant, whereby the award was put out of the way, and the foundation of the plaintiff’s action sapped by that erroneous decision, the jury must be considered as having rendered their verdict without having the merits of the case before them. The judgment ought therefore to be reversed, and the verdict set aside : but we must first consider the effect of the errors assigned in the previous parts of the record. It has been assigned for error, that the first new trial ought not to have been granted but upon payment of costs ; and that the second ought not to have been granted at all, but if granted, it should have been on payment of costs. ^
There is nothing in the record which will enable us to say that these new trials, or either of them, ought not to have been granted. But the general rule of law is, that if a new trial be granted, it shall be on payment of costs. To this rule, like most other general rules, there are some exceptions, dapending on special reasons. No such special reasons appear to have existed in the present case ; and it appears the second new trial was granted because the verdict was contrary to evidence.
*276 The new trial ought not to have been granted, for that cause, but upon the payment of costs. The proceedings of the inferior court must be held in both these instances to be erroneous, so far as regards the costs. The question is, what effect ought this error to produce ? Should we reverse the orders granting these new trials, and direct judgment to be rendered upon the first verdict, or should we correct the proceedings so far as respects the costs only ? The former, we conceive, would be too rigid, and might tend to defeat justice, if established as a general rule. It would be too much to destroy the principal, the order for the new trial, which is not erroneous, because of the error which has happened in the incident, the costs of the trial. The manner of setting the matter right, as to the costs of the new trials, presents the only difficulty. It is true the inferior court at a subsequent term, could not, while the record remained before them, correct the orders of a preceding term. But as the whole record is now before us, and we are authorised by law to look into and correct the whole, we may well order that court to do, on the subject of those costs, what they ought to have done at the time of granting the new trials. Although no precedent in point is now recollected by this court, yet there are many which seem analogous in principle, and none are recollected to the contrary. In some cases this court have pronounced the judgment which the inferior court ought to have pronounced, and in many have directed the inferior court to give such judgment themselves as they ought at first to have given.
It has often been held, that to grant a new trial without payment of costs, and without special circumstances justifying the dispensing with costs, is erroneous, because contrary to the general rule of law ; but no case is now recollected where either this, or any other appellate tribunal, have reversed in toto an order granting a new trial, and have ordered judgment to be rendered on the verdict for that error only, where no other cause for reversal existed. And we are satisfied, upon principle, it ought not to be done.
Judgment reversed, verdict of the jury set aside, and the cause remanded to the court from whence it came, to be there placed upon the issue docket, with directions to give judgment upon the demurrers for the plaintiff, *277 unless the parties shall move for and obtain leave ⅛⅝ amend their pleadings , and in case no such leave is-moved for and obtained, for a new trial of the general issue to be had between the parties ; but if such leave is moved1 for and obtained, for a new trial of such issue and of such other issues as may be made up between them: and the said court is further directed to enter, nunc pro tunc, an order or judgment that the defendant shall pay the plaintiff the costs of the term at which the first new trial was granted ; and that they enter the like order or judgment as to the costs of the term at which the second new trial was granted the defendant, as il those new trials had been granted at first upon the payment of costs.