The People *v.* Sternburg.

THE PEOPLE *vs.* STERNBURG and GALLUP.

In a suit on a penal bond, the defendant is not entitled to make a tender and have the right to costs determined *as upon a settlement*, pursuant to 2 *R. S.* 511, § 21, where the amount due is disputed, and the condition of the bond does not furnish *data* by which it can be ascertained by calculation.

MOTION on behalf of the defendants to stay proceedings on payment of the amount due. The suit was commenced at the instance of the overseers of the poor of the town of Schoharie, on the 21st July, 1845, and was in debt, on a bastardy bond, executed by the defendants to the people the 14th February, 1844, in the penalty of $500, conditioned amongst other things for the performance of an order of two justices, which had been affirmed on appeal. By this order the defendant Sternburg was adjudged to be the reputed father of a child then likely to be born a bastard, and it required among other things that he should pay to the overseers of the poor of the town of Schoharie, the sum of fifty-six cents and a quarter per week for the support of the child, so long as it should be chargeable to that town. The declaration was for the non-payment of the weekly allowance prior to the commencement of the suit, but did not state the number of weeks which had elapsed.

On the 6th day of August, 1845, the defendants caused to be tendered to one of the overseers twenty-one dollars, to pay the amount due at the commencement of the suit; and one of the defendants swears that according to his belief the amount due up to that time did not exceed twenty dollars. The overseer refused to receive the amount, unless the costs were also paid,

which were not then or at any time offered, the defendants insisting that costs were not recoverable. The affidavits concurred in the statement that the allowance had been paid up to November 12th, 1844, and those read on behalf of the overseers, stated that the amount due at the commencement of the suit was $20,25; that two weeks more had elapsed when the tender was made, which increased the amount to $21,37½; that Sternburg was insolvent, and Gallup in failing circumstances; and that the indemnity intended to be furnished by the bond would be endangered unless a judgment should be perfected for the penalty, so as to bind the real estate of Gallup.

*N. Hill, Jr.* for the defendants.

*H. Hamilton,* for the plaintiffs.

*By the Court,* BEARDSLEY, J. This application is founded on a section of the revised statutes which declares that "when any suit upon any contract, except against executors and administrators, is settled before judgment, and the sum actually due and admitted does not exceed the sum which, upon a recovery, would entitle the plaintiff to costs, no costs shall be demanded or received; if the sum so due exceeds fifty dollars, and does not exceed two hundred and fifty dollars, no other or greater costs shall be demanded or received, than if such suit had been brought in a court of common pleas." (2 *R. S.* 616, § 21; *see also* § 22.)

Here has been no settlement of this suit. The parties in interest differ as to the amount which should be paid, and neither the bond in suit or the declaration furnishes the necessary data to determine what sum remained unpaid at the commencement of the suit. In its terms this section applies to suits which are actually *settled* between the parties before judgment; although in a proper case the court will, upon the equity of the statute, compel the plaintiff to accept the amount actually due, and discontinue his cause, and that with or without costs, as the particular case may require. This was done in *Wells* v. *Feeter*

The People *v.* Sternburg.

and *Howe* v. *Goodrich*, (5 *Wend.* 133, 18 *id.* 560;) but in these cases *certain* sums, as appeared by the contracts declared on, were due; and not, as in this case, an amount which is far from being reduced to a certainty, although the weekly allowance is specified. The aggregate amount which should be paid cannot be ascertained from that fact alone. The number of weeks and the amount already paid are indispensable in arriving at a just result. I think the court can only interfere to compel a settlement, where by the terms of the contract a certain sum is due; and not where uncertain damages are to be assessed, and that whether the uncertainty depend upon the value of property to be estimated, or a period of time, the duration of which is to be ascertained by proof *aliunde.*

This in effect is a bond for the performance of covenants, and when sued, a breach of the condition must be assigned, upon which damages are to be assessed. If the plaintiffs recover, judgment will be for the amount of the penalty of the bond, as in other actions of debt, together with costs of suit, and with a further judgment that the plaintiffs have execution for the damages as assessed. (1 *R. S.* 651, §§ 47, 48; 2 *id.* 378, *art.* 2.)

As no settlement has been made, and no certain sum appears by the bond to be due, I think the case is not within the words or the equity of the statute. How shall the court in this case ascertain what amount was payable and remained unpaid when the suit was instituted? Where the contract declared on furnishes the necessary data for that purpose, so that the amount may be found by mere computation, the case is free from difficulty, and a reference to the clerk would be proper. But in this case the bond refers to an order, which must be proved and its requirements ascertained. That fixes the weekly allowance which the defendants are to pay; and in this respect the case is certain. But that is not enough. The number of weeks and the amount of payments already made, if any, must be ascertained before a correct result can be deduced. If the case were sent to the clerk to report the amount due, he would necessarily be compelled to take testimony on these disputable points. It is, therefore, in my opinion, not within the statute. That can apply

only where the contract shows what sum is due, and which is reduced to certainty by the terms of the contract, or may be by a mere calculation founded on what is therein expressed.

The cases in *Wendell,* which have been referred to, should have been prosecuted in the justice's court, under 2 *R. S.* 225, § 3. So this court there held. But an action could not have been brought on this bond in the justice's court. It is a bond to the people, (*id.* § 4,) and is not conditioned for the payment of money only, and that a sum not exceeding fifty dollars. Covenant therefore would not lie upon it in the justice's court. (*Id.* § 3.)

This is not a case for a compulsory settlement; and, without looking at other objections which were made, the motion should be denied, with costs.

Motion denied.