## JOHNSON v. TRIGGS.

It is essential to the validity of a tender of money, that he who makes the tender should have the money in court. The necessity for this rule is not obviated by the Code. KINNEY, J., *contra*.

If a tender was not claimed on the trial before a justice, it should not be entertained on appeal in the district court.

A tender of the amount due, does not satisfy the demand, but if kept good, it stops interest and saves cost.

A tender admits the plaintiff's cause of action to the amount of the sum tendered.

### *Appeal from Keokuk District Court.*

*Opinion by* GREENE, J. This suit was commenced by J. C. Johnson, before a justice of the peace, on an account against J. Triggs. Plaintiff recovered judgment for $11 20. Defendant appealed to district court, where judgment was rendered against the plaintiff for costs amounting to over one hundred dollars.

It appears that a jury was waived, and that the court found the facts to be in substance as follows: That plaintiff let the defendant have 1200 shingles, worth at the time $4 20; that before suit was commenced defendant tendered to the plaintiff $4 25, in silver, to pay for the shingles, but he refused to take the money, and that at no time before suit did plaintiff give notice of his intention or readiness to accept the tender; that the defendant did not offer to pay the money before the justice, nor in the district court, and did not in any way claim or pretend to have the money ready for plaintiff. Upon these facts the court finds for the defendant, and it is ordered that the plaintiff pay the costs herein, and the court holds that it is not necessary, in order to keep the tender good, that the same should have been brought before the justice, or in this court, unless there had been a demand by plaintiff subsequent to the tender and refusal.

To this decision two exceptions are made:

1. It is urged that if defendant intended to rely upon his tender, he should have produced the money before the justice and in the district court. A majority of the court entertain the opinion that the Code, § 966, makes no change upon the prevailing rule in this particular. It only provides that the party may retain in his possession the money or property tendered, but if the other party afterwards gives notice of his willingness to accept, the tender will be of no effect, if not delivered to him within a reasonable time. But the Code in no way removes the necessity of a tender, or an offer to tender the money in court, in order to keep the tender good. Here was an unconditional indebtedness; the defendant acknowledged that he owed the plaintiff $4 25 for shingles, but plaintiff claimed more than that sum; if then the defendant wished to rely upon his tender, he should have had the necessary amount ready, not only before the justice, but also in the district court. So far from doing this, it appears of record that the question of tender was not even raised before the justice. As the tender was not urged before the justice, it could hardly be deemed in order, or according to the spirit of the Code, to admit such new defense on appeal in the district court. Code, § 2344.

Besides, the amount claimed to have been tendered appears to have been inadequate to the amount found to be due the plaintiff by the judgment of the justice. The plaintiff claimed $15. The justice found $11 20 to be his due, while the district court estimated the amount at $4 20. At common law a tender is not allowed when the claim is unliquidated and so uncertain, that the amount is to be determined by the discretion of a jury. A tender may be made in all cases when the demand is certain or capable of being made certain by mere computation. *Green* v. *Shurtliff*, 19 Vt., 592; *Day* v. *Lafferty*, 4 Pike, 450; *The People* v. *Steinbury*, 1 Denio, 635. Of course, if the defendant had tendered as much as the plaintiff

Johnson *v.* Triggs.

claimed to be his due, it was sufficient. But still, the party having made the tender, it should have been urged specially in the action before the justice of the peace, if he intended to rely upon it. *Griffin* v. *Tyson*, 17 Verm., 35.

The necessity of having the money in court, in order to make a plea available, is quite uniformly conceded. *Sheriden* v. *Smith*, 2 Hill, 538 ; *Earle* v. *Earle*, 1 Harr. ; *Wing* v. *Hurlburt*, 15 Verm., 607 ; *Booth* v. *Comeggs*, Minor, 201 ; *De Wolf* v. *Long*, 2 Gilman, 679 ; *Jasboe* v. *McAtee*, 7 B. Mon., 279 ; *Brown* v. *Furgison*, 2 Denio, 196. The reason why the money should be in the court is obvious. A tender of the amount due does not satisfy the demand. It only stops interest, and if kept good saves cost. After the tender is made, the money justly belongs to the creditor, and should be, therefore, at all times accessible to him. In *Sands* v. *Lyon*, 18 Conn., 18, it is decided that in order to make a legal tender of a debt, it is necessary, as a general rule, that the money be actually produced and placed within the power of the creditor to receive it. There is nothing in the Code of Iowa which removes the reason for this rule. There is nothing expressed, and clearly nothing should be presumed against the prevailing doctrine. Especially as tenders are *stricti juris*, and nothing should be presumed in their favor. *Shotwell* v. *Dennman*, Coxe, 174.

2. Upon the facts as found and stated by the court below, it is claimed that judgment should have been rendered for the plaintiff. This point in the case is even more flagrant than the first. It is singular that the court could find an amount due the plaintiff, and still render judgment against him. If the view entertained by the court in relation to the tender was correct, it could only clear the defendant from costs. It could not operate as payment and satisfaction. The very fact that defendant made a tender to plaintiff showed an indebtedness of at least that amount. In *Wood* v. *Perry*, 1 Barb., 114, it is held that when a tender

is made and relied upon, the plaintiff will be entitled to recover that amount without proof on his part. *Slack* v. *Price*, 1 Bibb, 272 ; *Eddy* v. *O'Hara*, 14 Wend., 221 ; *Baily* v. *Bucher*, 6 Watts., 74 ; *Sheridine* v. *Gaul*, 2 Dall., 190. Aside from the authorities, the proposition would seem self-evident, that a tender admits the plaintiff's cause of action to the amount of the sum or thing tendered.

Judgment reversed.

*Dissenting Opinion by* KINNEY, J.   This cause was submitted to the court below, who found from the testimony the following facts, which, at the request of the plaintiff, were reduced by the court to writing :

" 1. It is found that plaintiff did let defendant have twelve hundred shingles, as charged in his account ; and that said shingles were worth $3 50 per thousand at the time he obtained them ; and that at such price said shingles were worth in the whole $4 20.

" 2. It is found that before the commencement of this suit before the justice, the said defendant tendered to the said plaintiff $4 25 in silver, to pay for the shingles so got by the defendant ; that plaintiff refused to take the same ; and that the plaintiff did not, before the commencement of this suit before the justice, give the defendant notice of his intention or readiness to accept the said tender.

" 3. The court also find that on the trial before the justice, the said defendant did not bring his said tender before said justice, and did not then have the same ready, and before the court for the plaintiff, or any part thereof ; and also on this trial, here now before the court, no money is produced in court, and no offer to pay or produce the said tender, or any part thereof, is made ; and that since the time of said tender of said $4 25, so made *before the commencement of the suit by the justice*, the said defendant has not produced the same, either at the trial before the justice or in this court."

Johnson *v.* Triggs.

Upon these facts the court found for the defendant and ordered the plaintiff to pay the costs, and held that it was not necessary to keep the tender good that the same should have been brought before the justice, or in the court, unless there had been a demand by plaintiff subsequent to the tender, and a refusal by defendant, and that the commencement of the suit is not such demand. To this the plaintiff excepted, and claimed that the judgment of the court upon the facts found should have been for the plaintiff.

I cannot agree with a majority of the court in reversing this judgment. The judgment is to my mind in strict conformity with the provisions of the Code. As the rule formerly stood, it was necessary in order to keep the tender good, that the money should be deposited in court as soon as it could be done. This practice was inconvenient, and could not always obtain where the tender was first made. For instance, when the man making the tender became the defendant, he could not, before suit brought, bring the money into court, for there was not as yet any litigation between the parties. The plaintiff might sue in the district court, or before a justice of the peace, each possessing concurrent jurisdiction up to one hundred dollars. Hence, the money had to be deposited with some third person, which occasioned great trouble, and at times this was extremely difficult to do. And when it became necessary to bring the money into court, it frequently became burthensome to the clerk, and after guarding it from term to term, the suit would probably terminate in such a manner as made it necessary to give the money back to the man who tendered it. And personal property, which never could be brought into court, had to be deposited with some person, and, as was the case with live stock, be kept at great expense, waiting the uncertain result of some severely litigated and long protracted lawsuit.

Here then was a mischief which demanded a remedy. This law of tender was one of those excrescences which our able commissioners very wisely concluded to lop off, as a

worthless appendage, and entirely unnecessary to the administration of justice. We want only such laws as will promote and secure, not hinder and prevent justice. This sentiment seemed to actuate the commissioners in preparing, and the legislature in passing our present Code. It is well known that under our old system, a party with an honest case would frequently be turned out of court with a large bill of costs, because some technicality in pleading, made essential by Mr. Chitty, but having no possible connection with the merits of his case, had not been adopted by his attorney. The law on the subject of tender as it existed at common law, demanded reform, and it was quite as necessary as in the law relative to pleadings. Hence chapter 59 of the Code was passed. Section 966 provides : " When a tender of money or property is not accepted by the party to whom it is made, the party making it, may, if he sees fit, retain in his own possession the money or property tendered ; but if afterwards the party to whom the tender was made see proper to accept it, and give notice thereof to the other party, and the subject of tender be not delivered to him within a reasonable time, the tender shall be of no effect." This language is plain, and, it seems to me, cannot be misunderstood. In express terms, it gives the party making the tender a right to retain it in his own possession. If the party to whom it is made is willing to accept, all he has to do is to give the other party notice of that fact. If then the money or property tendered is not forthcoming, the tender is of no avail. This is a sensible doctrine. The tender is just as good in the possession of the person making it as any where else, providing it is produced when required ; and, unless required, the person to whom made waives all right to it.

But it is contended by a majority of the court that the commencement of the suit was the notice spoken of and intended by the Code. Such cannot, in my opinion, be the case. If the legislature had intended that such a notice should have been given, they would have said that such

Johnson *v.* Triggs.

tender should be good until the party was notified by suit to produce the same. The object of all good legislation is to suppress rather than encourage litigation. But, if the construction contended for, prevails, then a lawsuit is encouraged, costs made, bad feeling between neighbors engendered, without any necessity; for it will not be pretended but that a notice without suit would have been sufficient. Courts should not force parties into a lawsuit; should not so construe a law as to make a suit necessary, when by a reasonable construction such suit could be prevented. The whole law of tender is to prevent litigation and costs. It proceeds upon this basis; but if costs must be made, let them fall upon the party who would not accept the amount tendered, providing it is all he proves himself entitled to. It cannot reasonably be contended that the suit *in this case* was a notice to the opposite party to accept the tender. And first, if he was willing to accept, why sue at all? Had he not expected that he could recover more than the amount tendered, I can hardly think he would have instituted his suit. But be this as it may, it was no notice to accept, because he sues for fifteen dollars; and, instead of advising the other party that he would accept the $4 25 tendered, it seems to me that it was notice to him that he would not accept it, and that nothing less than $15 00 would be received. Hence, in no possible way can this suit be construed into notice to accept. The Code is: "But if afterwards the party to whom the tender was made see proper to accept it, *and give notice thereof to the other party*," &c. Is there any thing in the bringing of this suit for $15 00 which proves that the party saw proper to accept the tender? Does it not prove the reverse; that he would not accept? When the defendant was notified by the officer that he was sued, and that the plaintiff claimed $15 00 from him as justly his due, was there any thing in that which would give the defendant to understand that the plaintiff would accept the $4 25 which he had tendered? In other words, was this a notice to accept the tender? I think not;

and yet when this case was decided it was put upon this ground. In my opinion, the judgment of the district court should be affirmed.

*Geo. G. Wright*, for appellant.

*Slagle* and *Acheson*, for appellee.