## HAMLETT VS. TALLMAN AND GRAVES.

1. LIEN: *On unplanted crop void at law.*
   A contract for a lien on an unplanted crop is void at law.
2. TENDER: *Effect of, etc.*
   The effect of a tender is to stop the accrual of interest and save cost; but, in order to be availing, it must be followed up and the money brought into court.
3. PRACTICE IN SUPREME COURT: *Remittitur.*
   Where the judgment of the Circuit Court is excessive, the appellee will be permitted to enter a remittitur in this court, and take an affirmance as to the residue.

APPEAL from *Chicot* Circuit Court.

Hon. H. B. MORSE, Circuit Judge.

*Garland and Mark Valentine* for appellant.

A parol contract for a lien on personal property, accompanied with possession in the claimant of the lien, is good. 3 Parsons An. Cont., 271 ; lien defined, ib., 234.

Appellees not innocent purchasers. Possession was notice of appellant's claim. *Hardy* v. *Heard*, 15 Ark., 184 ; *Hamilton* v. *Fowlkes*, 16 Ark., 340 ; were without actual notice ; *Byers* v. *Engles*, 16 Ark., 543 ; applies *a fortiori* to personal property ; 3 Parsons on Con., 234, 272. Only the pledger's right passes. Lien created by delivery. No record was necessary. Ib., 271.

Tender to be valid must be continued, and the money brought into court.  *Slack* v. *Price,* 1st Bibb, 272 ; *Claffin* v. *Hawes,* 8 Mass., 261 ; and must be of the whole sum due ; 2 Parsons on Cont., 640.

Appellant's right of possession was based on the landlord's lien.  Acts 1868, p. 245.

As to delivery.  1st Bouvier Law Dic., 396 ; Story on Sales, sec. 289, p. 320 ; *Gilliam* v. *Towles,* 15 Ark., 64.

*Rose,* for appellees.

All previous exceptions below were waived by the motion for a new trial.  *Sawyers* v. *Lathrop,* 9 Ark., 67 ; *Anthony* v. *Humphries,* id., 176 ; *Berry* v. *Singer,* 10 id., 483 ; *Hopkins* v. *Dowd,* 11 id., 627 ; *Ford* v. *Clark,* 12 id., 99 ; *Neville* v. *Hancock,* 15 id., 511 ; *Kirkpatrick* v. *Wolf,* 17 id., 98 ; *Daniel* v. *Gray,* 19 id., 122 ; *Moss* v. *Smith,* id., 683 ; *Collier* v. *State,* 20 id., 36 ; *Graham* v. *Rourke,* 23 id., 19 ; *Osborne, ex parte,* 24 id., 185 ; *Blunt* v. *Williams,* 27 id., 374.

There was some evidence, and the verdict must be supported. *Lindsay* v. *Wayland,* 17 id., 385 ; *State* v. *Crytes,* 24 id., 183 ; *Mayson* v. *Eddington,* 22 id., 208.

WALKER, J.:

Tallman and Graves brought suit in the Chicot Circuit Court, to recover possession of eight bales of cotton.  They aver in their petition that they are the owners, and are entitled to the possession of the cotton ; that the defendant has possession of the cotton without right and unlawfully detains the same.

The defendant answered that the plaintiffs were not the owners of the cotton, nor were they entitled to the possession of it. Defendant further answered, in substance, that the cotton belonged to other parties, her tenants, and that she, by a written contract, held a lien upon the cotton for the rent of the land on which it was grown, and also for supplies furnished her tenants, who cultivated the land and grew the crop.  To try this

issue a jury was called, the evidence heard, and a verdict rendered for the plaintiffs, judgment, motion for a new trial overruled, exceptions and appeal to this court.

It appears from the evidence, that on the 18th of February, 1869, Mrs. Hamlett, the owner of a plantation in Chicot county, entered into a written contract with certain parties to lease or rent from her, part of her plantation, to be cultivated by them that year, amongst whom were Hardy Morgan, Charles Smith and William Crawford ; to Morgan and Smith, twenty-three and a half acres, and to Crawford ten acres, at the price of ten dollars per acre, and by the terms of the contract reserved a lien upon the crop to be raised, for the payment of the rent and other indebtedness. It further appears from the evidence, that a crop of cotton was raised on the plantation of the defendant, and that, in July of that year, Morgan bought out the interests of Smith and Crawford in the crop, whereby he became the owner of it, subject to the lien rights of the defendant, and that after the cotton had been baled, and whilst it remained under the gin-house of the defendant and in one of the outhouses near by on the plantation, Morgan sold the eight bales of cotton to the plaintiffs, and went with one of them to the gin-house and outhouse to examine it. That after looking at the cotton, one of the plaintiffs and Morgan went to the defendant and offered to pay for the rent of the land the sum of $330. That the defendant refused to let them have the cotton, or to receive pay for the rent, unless they would also pay her for the supplies furnished to the hands. That plaintiffs never took possession of the cotton, which was worth twenty cents per pound, and that the cotton weighed 3188 pounds, which it will be seen, at twenty cents, makes the cotton worth $637.60, the precise amount of the verdict.

Disregarding the interpleaders of Crawford and Smith, and such of the evidence as might be important under a different

state of case, if the exceptions to the rejection of part of the defendant's evidence, and to the instructions given to the jury, and those refused, had been made grounds for a new trial, which, under the state of case presented we are precluded from consid-·ering, we will proceed to consider whether the court below did or not err in refusing to sustain the motion of the defendant for a new trial. And here, it may be remarked, that the learned counsel for the appellant, when discussing the correctness of the decision of the court in excluding the evidence of the defendant and giving certain instructions, and refusing to give others,·at the instance of the defendant, seems to have overlooked the fact that they were not assigned as causes for a new trial, and must, under the long and well established practice of this court, be considered as having been abandoned and waived. *Danby* v. *Robbins*, 3 Ark., 144; *Walker* v. *State*, 4 Ark., 87.

The only ground assigned as cause for a new trial was, that the jury found contrary to law and evidence, and presents simply the question whether the evidence was sufficient to sustain the ·verdict.

In all of our decisions upon the subject of trials by juries, and under what circumstances they should be set aside, we have in-variably accorded to the jury, a free exercise of the right to weigh the evidence and to determine the facts put in issue; and have never attempted to control their discretionary power, unless the verdict was so clearly contrary to the weight of the evidence as to produce manifest injustice, or, in the language of some of our earlier decisions, "to shock our sense of justice." In cases in which there is proof upon all the material questions involved, necessary to entitle the party to a verdict, the sufficiency of the ·evidence for that purpose is a matter for the jury to determine; but, unless in extreme cases, or where there is a total lack of ·evidence to sustain the verdict, or a lack of evidence upon some material matter necessary to uphold the verdict, the court will

not set it aside, and grant a new trial. *Miller* v. *Ratcliff*, 14 Ark., 420; *Houch* v. *Lynch*, 17 Ark., 478; *McGee* v. *Humphries*, 18 Ark., 598, and· in the case of *Butts* v. *King et al.*, after refering to our previous decisions, we say : "It is the uniform doctrine of this court, that a judgment may be reversed upon a motion for a new trial overruled, when there is a total want of evidence of some material matter necessary to uphold the verdict."

After a careful examination of the evidence, and conceding there is evidence sufficient to uphold the verdict in all other respects, the question is, does the evidence show title in the plaintiff to the cotton, or in other words, does it prove the allegations in the complaint, that the plaintiffs were the owners of the property, and entitled to the possession of it? It is proven that plaintiffs bought the cotton of Morgan and paid him for it, and although not actually delivered to the plaintiff, the title vested without actual delivery. But then it is equally clear that the plaintiff only acquired by their purchase such title as Morgan had. We have seen that Morgan's title was encumbered with the prior lien of the defendant upon the cotton which was then in defendant's possession, and of course the plaintiffs took it encumbered with such lien. They could occupy no better· position than Morgan himself could. There is no pretense that plaintiffs were purchasers without notice of the lien; they knew that the lien existed and found the cotton in the possession of the defendant, who refused to gin it , unless paid for the rent, and for supplies furnished the laborers who cultivated the land..

And at this point of the investigation it may be well to determine the nature and extent of the lien of the defendant, as well as the effect of the tender or offer to pay the rent by plaintiffs.. In addition to the lien by contract, defendant, as landlord, held a statute lien expressly reserved, 4098 Gantt's Digest. A lien is.

said to be a right to hold possession of another's property for the satisfaction of a charge upon it. The essence of the right is possession ; and whether that possession be by officers of the law, or of the person who claims the right of lien, the chattel, on which the lien attaches, is equally regarded as in the custody of the law. 3 Parson Con., 234. The lien rests upon the idea that the party having it, has a right in, or to the property until his claim has been paid or satisfied by the owner of the property. Houck on Liens, 34.

The next question to be considered is as to the effect of the tender, and first as to the amount tendered. Was it sufficient? The quantity of land rented was thirty-three and one half acres, the price $10, making $335, and if the defendant had refused to accept the tender because it was not enough, by $5, to pay the rent, we apprehend the tender for that reason would have been insufficient. But it appears that she did not object for this reason, but based her refusal upon the ground that by the terms of her contract, she was entitled to a lien upon the crop raised for supplies furnished to the hands who made the crop. This contract was entered into in the month of February, and before the crop was planted; there was then no crop, no cotton, nothing to contract for, and when such is the case, as held by this court in the case of *Apperson* v. *Moore*, decided at the last term of this court, and in the case of *Driver* v. *Moore*, decided at the present term of this court, the contract is void in law ; but after the crop is matured, when property in fact exists, the lien right under the contract may be enforced in a suit in equity.

Such being the legal effect of the contract, no lien at law could be asserted under it, and she could not sustain her objection to accepting the money tendered, upon the ground that she had a valid unsatisfied account for supplies. Defendant's right of lien on the crop grown can only be properly sustained under the provisions of the statute, Gantt's Digest, 4098, above referred to.

The tender and offer to pay the rent was not, in fact, a payment; its immediate effect upon the debt is to stop the payment of interest and to save further costs.

The money, although not accepted, is, in contemplation of law, set apart and held by the party making the tender; it follows his plea, in which he tenders and offers to bring the money into court, and until the money is brought into court and placed there in custody of the law, the defense is incomplete and unavailing.

We feel fully sustained in this position, not only by the elementary writers, but also by numerous adjudications of the courts of our sister States. The Supreme Court of the State of Illinois, 2 Gilman, 679, held, that a party intending to rely upon a tender, must keep it good by paying the money into court. In the case of *Cartright* v. *Cady* 23 Barber, 49, the Supreme Court of New York held, that to make a plea of tender valid, it is not sufficient that the money has once been tendered, but it must always be ready to be paid. In the case of *Slack* v. *Price*, 1 Bibb, 275, it was held by the Court of Appeals of the State of Kentucky, that where a party pleads tender and refusal, he must bring money into court, and, unless this be done, his plea must fail. In the case before us, no money was brought into court. In the language of the Supreme Court of Illinois, "the tender was not kept good by paying the money into court," and of New York, "that the first tender is not sufficient, but it must be followed up and the money paid into court;" and of Kentucky, "that the money tendered must be paid in court, and unless it is paid, the plea will fail."

The money tendered to the defendant for rent due not having been paid into court, the plea of tender failed. There was, then, no valid tender. Parsons says the essence of the right of lien is possession. It vests, says Houck, on the idea that the plaintiff having it, has a right in or to the property until his claim has

been paid; and, as a consequence, the lien for rent was not removed, without which the action for possession of the cotton must fail. Payment was necessary to entitle the plaintiff to recover. It was a matter about which there was no evidence, and consequently the jury upon this material matter decided without evidence.

The verdict was for the whole value of the cotton, upon which the defendant had a lien for $330 rent due. The plaintiff, instead of paying over this money, walked out of the court with it in his pocket, and a judgment for the full value of the cotton.

The court below erred in overruling the motion of the defendant for a new trial, and for this error the judgment must be reversed and set aside and a new trial granted.

After the above opinion was delivered, the appellees moved for a reconsideration, and offered to bring into court the money due the appellant, as indicated in the opinion.

On the motion to reconsider, etc., Mr. Chief Justice ENGLISH said:

If the appellees will enter a remittitur for the sum of $330, as of the date of the judgment of the court below, being the amount due appellant for rent of land, and for which she had a valid lien at law on the cotton in controversy, and which appellees tendered her before suit, but failed to bring into court, or allow appellant a credit for in taking judgment; and if appellees will also enter of record an abandonment of all right to proceed on the appeal bond and pay the costs, the judgment of this court, reversing the judgment of the court below and remanding the cause for a new trial, will be set aside, and the judgment affirmed for the sum of $307.60, being for balance due appellees after deducting the amount remitted. This may be done under the rule of practice adopted in *Fowler* v. *Johnson*, 11 Ark., 280, and followed in subsequent cases.

The claim of appellant for supplies, not being a valid lien, at law, upon the cotton, but a matter of equitable cognizance, as held in the opinions of this court, and being, therefore, properly ruled out on the trial by the court below, there is no reason why this cause should be remanded for a new trial on account of such equitable matters.