JARBOE
*vs*
McATEE'S HR'S.

---

## Jarboe *vs* McAtee's Heirs, &c.

### APPEAL FROM THE MARION CIRCUIT.

*Evidence.    Grants.    Presumptions.    Lapse of time.
Power of Attorney.    Costs.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS is a suit in chancery, brought by the plaintiff in error, against the administrators and heirs of George McAtee, deceased, for a specific execution of a contract, by which George McAtee in his lifetime, sold to him a certain tract of land, that he is anxious, as he alledges, to retain, if he can procure a good title for it from the defendants, if not, he asks a rescission of the contract upon equitable terms.

The administrators of McAtee having obtained a judgment at law against him for the last instalment of the purchase money, he enjoined that judgment, and alledged that he had tendered to the administrators the balance of the purchase money, and offered to pay it over to them, upon the condition, that they would make him a good title to the land.

The Court on the hearing of the cause, decreed that the defendant's title was good, caused a deed to be executed by them to the complainant, dissolved his injunction without damages, but gave him no decree for his costs.

Several objections are made to the title, which we will dispose of in the order that they arise.

No patents having been filed by the defendants, it is contended, that this forms an insuperable objection to their title, as there is nothing to show that the Common-

CHANCERY.

*Case* 75.

*June* 19.

Case stated.

Decree of the Circuit Court.

Testimony admitted without objection in the Circuit Court,

JARBOE
vs
McATEE's HR's.

thoughnot of the highest grade, cannot be objected to in this Court.

wealth has ever parted with her title to this land. This objection is unavailing, for two reasons. In the first place, the testimony in the cause shows that part of the land is covered by Williams' patent, and the residue thereof by a patent to Samuel Conley. This evidence was used without objection; and although if excepted to as illegal, it should have been excluded, it not being the best evidence to establish the existence of the patents, yet having been admitted, it is sufficient to show that the title to the land has passed from the Commonwealth.

In the next place, the testimony clearly shows the fact, that at the time when the case was heard, the complainant, and those under whom he claims, had been in the possession of the land, claiming it during all the time as their own, for upwards of fifty years, which would have authorized the presumption that a grant to the land had been made by the Commonwealth.

This Court will presume a grant from the Commonwealth after a possession of 50 years, the possessors claiming and holding as owners, (3 Stark. 1221; Greenleaf, 50.) A grant has been presumed in N. York upon a possession of less than 40 yrs. (10 John. 377.)

After long continued enjoyment, a grant from the crown may be presumed: (3 *Starkie*, 1221; *Greenleaf on Evidence*, 50.) In regard to public grants, a longer continued peaceable enjoyment has generally been deemed necessary, in order to justify this presumption, than is deemed sufficient to authorize the like presumption in the case of deeds from private persons.

In the State of New York, it has been decided that less than forty years possession of a tract of land, where it appeared that there had been an order of council for the survey of the land, and an actual survey thereof accordingly, created the presumption that the patent had been duly issued: (10 *Johnson*, 377.)

It is the policy of the law, and necessary to the repose and security of society, that such a presumption should be indulged, where individuals have continued in the possession of the land for a great many years, treating it as their own, and holding and claiming it, under a patent from the Commonwealth, either to themselves or to some other individual.

We are of opinion that after the lapse of fifty years, which is the longest period allowed by our statute, for the institution of a suit for any description of real property, the presumption of a grant from the Commonwealth, is

authorized in favor of a possession which has been continued during the whole time, where the land so possessed is claimed to have been patented and held under such claim. This presumption is peculiarly proper in this State, the history of its land titles showing that the lands were often covered by several conflicting grants.

For a portion of the land sold to the complainant, a deed had been executed from Samuel Conley to Henry McAtee, in the year 1793, by an individual who represented himself to be the agent of Samuel Conley, who was the patentee. No evidence of that agency having been produced, it is contended that the title as to that part of the land, is defective, nothing having passed by the deed, in consequence of the want of authority in the agent who made it. McAtee and those claiming under him, having, however, held the possession of the land ever since under that conveyance, the existence of a power of attorney may, after so great a lapse of time, be presumed, particularly as the possession has, by its long duration, ripened into an indefeasible title.

> An agent who conveyed land, will be presumed to have had authority to convey, after possession held on his deed for 50 years.

It appears that Isaac Pottinger having a deed for a part of the land, sold it to George McAtee, but that instead of making him a deed of conveyance, he merely assigned over to him all the right and title to the deed he had, for value received. The defendants, by cross bill, brought the heirs of Pottinger, he having died, before the Court, and they were decreed to convey to the complainant; and it is now urged that the Court had no power to direct such conveyance to be made, the assignment on the deed not being such a memorandum of a contract in writing, as would take the case out of the statute of frauds. The deed itself is sufficiently descriptive of the land sold, the assignment is for value received, and shows the payment of the consideration. It was within the principle settled in the case of *Fugate* vs *Hansford*, (3 *Litt.* 262,) and authorized the Court to enter up the decree that was rendered.

> The grantee in a deed of conveyance assigned for *value received*, to his vendee all his right and title to land described in the deed. Held not to be within the statute of frauds, and the Chancellor should decree a conveyance. (3 *Littell*, 262.)

As it regards the forty nine acres of land, McAtee was only to make the complainant such title as the bond he held on Isaac Pottinger and others stipulated for, that title he got, and he has no right to object to it. The proof

JARBOE
vs
McATEE'S HR'S.

shows, however, that it had been held in possession by Pottinger and those under whom he claimed, for upwards of forty years.

In estimating the duration of the possession, it ought to be brought up to the time of trial, and not be made to stop at the commencement of the suit. If the vendor is able, at the time when the cause is tried, to make a good title, the settled doctrine upon the subject is, that the vendee who comes into chancery for a rescission, will be required by the Chancellor to accept the title then made perfect, the consequence of which is, that the possession of the vendee up to that period, enures to the benefit of, and goes to strengthen his, vendor's title.

In estimating the duration of a possession in a contest between vendor and vendee about title, the calculation should embrace the time up to the trial, and if the vendor's title is then good vendee must accept it.

We consider the certificate of the Clerk on the deed of Henry McAtee and wife to Isaac Pottinger, sufficient for the purpose of passing the wife's dower. The deed is dated in eighteen hundred and eighteen, and as it is not shown that McAtee's wife is still living, the Court would not feel inclined to indulge the presumption that she still continued to live, when nearly thirty years have elapsed, even had the acknowledgment of the deed as certified by the Clerk, been deemed insufficient to transfer her right of dower to the vendee.

This Court will not, in the absence of proof, presume that a *feme covert* who conveyed thirty years ago is still living.

There is nothing in the objection that Williams has never been paid for the land within his patent boundary. The presumption of payment, after the lapse of some forty five or fifty years, is irresistable, and cannot be repelled by any declarations made by Pottinger, after he had sold; such declarations not being evidence against his vendee.

It is urged, however, that Jarboe should have been relieved from the payment of interest on the balance of the purchase money, and that the decree in this respect is erroneous. The proof of tender is not complete. The witness did not know the amount of money actually tendered. But were the evidence on this point sufficient, in order to make a tender available in a case of this kind, it is incumbent on the complainant to pay the money into Court, so that during the long progress of a chancery suit, it may, under the control and direction of the Chancel-

At law, a tender of money will be of no avail to stop interest, unless the money be brought into Court when the tender is pleaded; so in chancery when a tender is relied on.

for, be rendered productive. In a plea of tender at law, the party to get the benefit of his plea, has to bring the money into Court. Much stronger reasons exist for requiring this to be done in a case to be settled by the Chancellor. In his Court, equitable considerations have an extensive influence. Seeing the purchaser in the possession and enjoyment of the land, and still retaining, and in all reasonable probability, using the money, after a formal tender of it to his vendor, it would appear just and equitable that he should be held responsible for the interest on it, from the time it was payable.

The complainant, however, was entitled to his costs. When he instituted his suit the defendants were not able to make him a title. He had a right, therefore, to apply to the Chancellor for relief, and his costs ought to have been decreed to him.

For this failure the decree is reversed; in every other particular it is affirmed, and the cause is remanded with directions to render a decree that the defendants, the administrator and administratrix of George McAtee, out of the assetts in their hands unadministered, pay to the complainant his costs in that Court expended.

As the plaintiff in error assailed the decree upon its whole merits, and only obtained a very partial reversal, he will not be allowed his costs in this Court. The parties must pay their own costs here.

*Morehead & Reed and Hill* for appellants; *Hardin, Harlan & Craddock and Kelly* for appellees.

A vendee going into chancery to compel a conveyance of a good title, has a right to his costs where the title is perfected after the filing of the bill.