BEELER
vs
COY.

---

EJECTMENT.

Case 71.

July 10.

Case stated.

## Beeler *vs* Coy.

### ERROR TO THE BOONE CIRCUIT.

*Ejectment. Possession. Lapse of time. Presumption.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

UPON the plea of *liberum tenementum*, and the replication thereto, the trespass is located upon the land described in the plea, and upon that part of it which is included in the boundary set forth by the plaintiff in the declaration and replication, as the abuttals of his close. And the question made is, whether the land thus included in the boundary claimed by each party, is the soil, close and freehold of the defendant or of the plaintiff; or in other words, in whom is the right of entry or possession? The defendant shows no paper derivation of title from the Commonwealth for the land in controversy, but claims under a deed from Barnett, the patentee of the adjoining land, and by a long possession under that deed. The plaintiff claims under a patent dated

in 1829, many years junior to that of Barnett, and more than twenty years younger than Barnett's deed to Coy, under which the defendant claims. But the plaintiff's patent covers the land in controversy, and is, so far as appears, the only patent that does cover it, and it is not yet twenty years old.

We assume that the land in controversy is outside of Barnett's actual patent boundary, because the evidence is so clear, and indeed conclusive upon that subject, that a verdict finding the fact to be otherwise, must have been set aside as being against the evidence. It. appears too, that there was no actual enclosure or occupation by any one claiming from Barnett or under his patent, of the land in controversy, or of any land outside of the patent boundary, until about six or eight years before the date of the defendant's patent, when an improvement was made thereon, which has been occupied under Coy to the present time, and for more than twenty years before the commencement of this action. But the evidence conduces to prove that possession was taken more than thirty years before the date of the plaintiff's patent, and has been held ever since, under the patent of Barnett and his deed to Coy, and within the patent boundary, but with a claim to the extent of the boundaries of the deed, which appear to have been run and marked at the date of the deed in 1795, about thirty four years before the emanation of the plaintiff's patent, and about fifty years before the commencement of this action or the date of the trespass complained of.

The jury were certainly authorized to find that the possession was taken under Barnett's deed to Coy, with the intent to be possessed to the full extent of its boundaries, and under claim and belief that the whole was included in Barnett's patent. And although the existance of an older patent covering the land outside of Barnett's patent, would have prevented the extension of this possession by construction, beyond the patent of Barnett, we are of opinion that as the boundaries of the deed actually crossed those of the patent and included land outside of it, the mere non-existence of any

*An entry under a deed from a patentee which extends beyond the patent limits and an adverse possession for 20 years will bar an ejectment.*

patent covering this exterior portion, did not prevent the constructive extension of the possession over that portion and to the limits of the deed. If no part of the land had been patented to any one, there can be no doubt (the possession being vacant,) that a person entering under a deed and claiming to an actual marked boundary defined therein, would, according to the principles established by numerous decisions of this Court, be adjudged to be in possession to the extent of those boundaries. And we do not perceive that his possession should be restricted within narrower limits, merely because he has actual title to that part of the land on which he makes his actual enclosure and residence.

The trespass complained of seems to have consisted of the immediate removal by the defendant of a small enclosure made by the plaintiff, within the boundaries of the deed from Barnett to John Coy, dated in 1795, and within the boundaries of a deed from John Coy, made in 1813, under which last deed the defendant claims. And the making of this enclosure by the plaintiff, seems to have been the first act or entry on his part, by which he attempted to take possession within the boundary of the deed of Barnett to John Coy. Nor is there any evidence of any prior act done by the plaintiff, to take possession within his patent, except that it is stated by the surveyor, and perhaps by others, that one corner of his patent is within his enclosure. But it does not appear that the enclosure was made or extended so as to embrace this corner, for the purpose of taking possession within his patent, nor before the defendant and those under whom he claims, had had twenty years continued possession by enclosure and residence within the boundaries of their deed. And although the plaintiff may have acquired the constructive possession of the vacant land adjoining that on which he resided, by the mere fact of obtaining a patent therefor, this did not, *ipso facto*, divest the possession of the defendant nor confer it upon the plaintiff. Nor did his actual entry and his making the enclosure within the defendant's boundaries, have that effect, or give him the right to maintain this action for the immediate removal

of the enclosure, unless he had then the right of entry and possession.

He did not make his entry until sixteen years after his own patent issued, nor until twenty four or five years after the actual possession of the defendant within the boundary now in contest, nor until about fifty years after the commencement of the constructive possession of the same land. And the question is, whether he can so far avail himself of the maxim, "*nullum tempus occurrit regi*," as to relieve himself from the presumption arising from this long possession, or whether, under the circumstances, the possession affords a presumption of title against the plaintiff's patent.

The notorious fact that a great portion of the land in this State, has been patented more than once, renders the production of one patent wholly inefficacious in point of reason and probability, to repel or prevent the presumption of a prior grant, if there be a reasonable ground for that presumption, in the absence of any patent. If after a notorious possession of fifty years, with claim of title, acquiesced in by the public and undisturbed and unquestioned by individuals, a presumption of title from the Commonwealth arises, which may defeat the right as claimed under a patent subsequently issued to one out of possession, it seems to us that the presumption acquires more force, when an adverse patent having been actually obtained by a stranger, he, with full opportunity of terminating the possession before the presumption shall have matured by the lapse of fifty years, permits it to continue without disturbance, until the full expiration of that period. It is true, the issuing of a patent at any time, by the Commonwealth, apparently implies the assertion of title at the time and the negation of any previous grant by her. But as the patent is actually issued at the instigation and upon the suggestions of the individual who obtains it, and for the purpose of subserving his interest, it cannot be regarded as an evidence of the public judgment or will upon the question of title, or as involving any other act on the part of the Commonwealth, but that of transferring to the individual whatever title she may have, with an-

BEELER
*vs*
Cox.

Does a possession under a deed from one who had no title continued for fifty years, give to the possessor a valid title as against one claiming under a patent from the Commonwealth, which is not 20 years old?

The issue of a patent at the instance of a patentee, is not a direct assertion of title on the part of the Commonwealth; but a mere grant of her right as it exists. If one, therefore, has acquired a right by possession & lapse of time, or . the patentee permits the possessory right to ripen into a perfect title, the possession cannot be recovered by the patentee.

BEELER
vs
Coy.

thority to assert or use it for his own interest, in such
manner as he may choose and the laws may allow.
The issuing of a patent at any time, not being a direct
assertion of title by the Commonwealth against the
tenant in possession, nor conclusive as to the question
of a prior grant, we do not see why it should operate
*per se,* to stop the presumption in favor of a possession
under claim of title, nor why, if such possession is per-
mitted to remain undisturbed until the end of fifty years
from its commencement, the presumption of title should
be less availing against a patent issued a few years be-
fore, than against one issued shortly after the expiration
of that period. The contest is not between the Com-
monwealth and an individual, but between two individ-
uals, both claiming under the Commonwealth, the one
evidencing his title by long possession under claim of
title, the other by a recent patent.

In the case of *Jarboe* vs *McAtee's h's,* (7 *B. Mon.,* 280,)
this Court decided that after the lapse of fifty years, the
presumption of a grant from the Commonwealth,
though none be exhibited, is authorized in favor of a
possession held during that period, when the land so
possessed is claimed to have been patented, and held un-
der such claim. In that case the contest was between
vendor and vendee, and the presumption above stated
was regarded as sufficient evidence of title in the ven-
dor, to authorize a compulsory execution of the con-
tract against the vendee. It is inconsistent to suppose
that if a stranger had afterwards obtained a patent for
the same land, the vendee would have been thereby de-
prived of the benefit of the presumption upon which he
had been compelled to pay his money and accept a deed
from his vendor. And it would be equally unreasona-
ble to suppose that the same presumption would have
been held unavailing against a patent issued to a stran-
ger before the full expiration of the fifty years. Indeed
it would seem from the first position assumed and de-
cided in the case referred to, that the fact that a patent
had, at some period, issued for the land, would strength-
en the vendor's case by showing with certainty that the
title was no longer in the Commonwealth, and as noth-

After a posses-
sion of 50 years
a grant from the
Commonwealth
may be presum-
ed. So held in
*Jarboe* vs *McA-
tee's heirs,* (7 *B.
Monroe,* 280,)
a vendee com-
pelled to accept
such title.

ing is said with regard to the date of the patent thus referred to, nor of any actual or presumed connection between that patent and the vendor, the inference is, that these points were deemed immaterial, and that at whatever period the patent may have issued to a stranger, the vendor's peaceable possession of fifty years, under claim of title by patent, authorized the presumption of a patent to him by which his possession was protected and authorized. The principle of these presumptions, from long continued enjoyments, is that where possession without a grant, would be unlawful, its long continuance being evidence that it was not unlawful, affords ground for presuming a grant, by which it was lawful in its commencement; so that when a grant is presumed merely from long possession, it is presumed to have been coeval with the commencement of the possession, or at least to have been of that period at which the possession without a grant, would have been unlawful, and of course the grant thus presumed will overreach a grant made after its presumed date.

Assuming then, as the jury might have found, that there has been a possession of the land in contest in the defendant, and those under whom he claims, for fifty years, under the deed of Barnett to John Coy, and under claim that the land was included in Barnett's patent, though it was not, in fact, so included, we are of opinion, on the authority of the case of *Jarboe* vs *McAtee's heirs*, above referred to, that these facts authorize, as against the plaintiff, the presumption of title in the defendant, and show that the plaintiff had not the right of entry and possession of the *locus in quo*, at the time of his entry, but that the right was in the defendant. And the instruction to the jury having been in substantial conformity with this opinion, they were not erroneous. Nor was the rejection of the oral statement of the contents of a deed spoken of by a witness, but neither produced nor accounted for, either erroneous, or so far as we can perceive, prejudicial to the plaintiff.

Wherefore, the judgment is affirmed.

*J. & W. L. Harlan* for plaintiff; *Riley* for defendant.