CASE 20.—ACTION BY FRONIE ASHER AGAINST JOHN
    HOWARD AND OTHERS TO RECOVER LAND.—
    February 28.

## Asher v. Howard, &c.

Appeal from Bell Circuit Court.

JOHN McCHORD, Special Judge.

Judgment for defendants, plaintiff appeals.   Af-
firmed.

1. Land—Adverse Possession Possessory Title—Patent Obtained
    by Children of Deceased Owner—Where a father has had the
    adverse possession of a boundary of land long enough to have
    acquired title thereto by possession, his children after his
    death, do not lose their possessory title thereto by obtaining
    a patent for it.
2. Action in Ejectment—Answer—Claim of Ownership—Proof
    Title—Under Civil Code, section 125, sub-section 2, providing
    that, "in an action for the recovery of land, the answer of
    the defendant must state whether or not he claims it, or any
    part of it, and if he claims part of it, his answer must so
    describe such part that it may be identified," where in such
    action the defendant in his answer claims to be the owner
    of the whole boundary of land described in the petition, he is
    not required to file his title papers, but may, under this plea,
    introduce any evidence of ownership he has, either by paper,
    title or by possession.
3. Limitation—Bar of Commonwealth—Under Kentucky Statutes,
    section 2523, providing that "the limitations prescribed in
    this chapter, shall apply to actions brought by or in the name
    of the Commonwealth, in the same manner as to actions by
    private persons, except where a different time is prescribed
    by some other chapter of this revision," this section being

part of chapter 80 of the statutes, which provides that: "An action for the recovery of real property can only be brought within fifteen years after the right to institute it first accrued to the plaintiff or to the person through whom he claims." Where a claimant of land had a possessory title thereto for more than fifteen years, the Commonwealth could not have maintained an action therefor, and by the express terms of the statute a patentee of the Commonwealth could not maintain such action.

HAZELRIGG & HAZELRIGG for appellant.

N. B. HAYS of counsel.

1. If any principle of law is established beyond all doubt, it is that to avail one's self of the defense of the statute of limitation it must be pleaded. (Jones v. Chiles, 4 J. J. Marshall, 610; Chiles v. Drake, 59 Ky., 146; Stillwall v. Leavy, 84 Ky., 379; Keaton v. Sublet, 109 Ky., 106.)

2. It naturally follows, therefore, that if the pleading in regard to the statute was insufficient, the court erred in giving any instruction on that point. (Haydon v. Stone, 1 Duv., 399; Framwell v. Adams, 2 Mo., 196; Riddle v. McGinnis, 22 W. Va., 253.)

3. If there was adverse possession it must have been against the Commonwealth, but it has been held in numerous cases that the statute does not run against the Commonwealth. (Chiles v. Calk, 7 Ky., 554; Stewart v. Jackson, 8 Ky.,59; Fowke v. Darnell, 15 Ky., 317; Hartley v. Hartley, 60 Ky., 56; Mills v. Bodley, 20 Ky., 248; Taylor v. Combs, 20 R., 1828; Tiedman on Real Property, section 715, p. 675.)

WELLER & POINTS and E. N. INGRAM for appellee.

1. At common law all that was necessary in an action of ejectment for the answer to contain was "not guilty," and under this plea the defendant could avail himself of any defense to the action allowed by law. (15 Cyc., p. 99.)

2. It has been repeatedly held by this court that the plaintiff in an action of ejectment may recover on a possessory title though not pleaded. (Hamilton v. Hamilton, 16 Rep., 793; Ratcliff v. Elam, 14 Rep., 772; Chism v. Trent, 10 R., 849; Moran v. Higgins, 19 Rep., 456; Dorch v. Thompson, 12 B. M., 380.)

OPINION BY JUDGE NUNN—Affirming.

This was an action of ejectment, brought by appellant against the appellees to recover 200 acres of land described in the petition. The appellees answered and denied the appellant's ownership, and alleged that they were the owners thereof. A trial was had, and resulted in a verdict and judgment for the appellees, from which this appeal is prosecuted.

On the trial it was made to appear that appellant claimed to be the owner of the land by reason of a patent issued to her by the Commonwealth on a survey dated the 7th day of September, 1900. She introduced proof tending to show that the land was vacant and unappropriated at the time she made entry and survey thereon. The appellees introduced proof tending to show that none of the land patented by appellant was vacant and unappropriated at the time she obtained her patent, but, on the contrary, it was covered by two old patents issued by the Commonwealth—one to Ed. North, the other to Renfro. There was a conflict in the proof as to whether these two patents joined; but it was pretty clearly shown by the prof that one Farmer (the vendee of Renfro, the vendee of the father of appellees) and Ed. North agreed and marked a division line between their survey or patents; that they and their vendees claimed and recognized this line, and held the actual adverse possession of that on either side, from the date of the agreement until the institution of this action, which was more than 30 years.

The appellant contends that appellees abandoned their claim to this land, under their possessory title, by obtaining a patent to 100 acres of it, after their

father's death, and just prior to the date of her patent. The appellees proved that after their father's death it was rumored that appellant's husband and others were claiming that this land was vacant, and they were threatening to patent it. The appellees, not knowing the truth in reference to the matter, became frightened; hence they patented 100 acres of it in their own name. They did not intend by this to surrender any part of their claim on this land owned by their father. We are of the opinion that if their father actually owned the land they did not lose it by their entry and obtension of these patents. If they owned it, they could not part with the title in this manner. This evidence had the effect only to corroborate appellant's claim that it was vacant land.

Appellant also contends that the court erred in permitting the appellees to prove that they, and those under whom they claim, had been in the actual adverse possession of the land in controversy, claiming it as their own, for more than 30 years, and that the court erred in submitting the issue of adverse possession by instruction to the jury, for the reason that appellees did not plead as a defense in their answer the statute of limitations. It is true that to avail one's self of the defense of the statute of limitations it must be pleaded. In our opinion this principle does not apply to the case at bar. It has often been held by this court that the plaintiff in an action of ejectment need not file his title papers with his pleadings; nor is it necessary for him to state the manner in which and from whom he obtained the title. Hence these are matters of evidence. It has been repeatedly held by this court that the plaintiff in an action of ejectment may recover on a possessory title, though

not pleaded; that such title is as valid as a paper title. See Hamilton v. Hamilton, 29 S. W., 876; 16 Ky. Law Rep., 793; Ratcliff v. Elam, 21 S. W., 352; 14 Ky. Law Rep., 772; Chism v. Trent, 10 S. W., 648; 10 Ky. Law Rep., 849; Moran v. Higgins, 40 S. W., 928; 19 Ky. Law Rep., 456; and Dorch v. Thompson, 12 B. Mon., 380.

Sub-section 2 of section 125 of the Civil Code of Practice provides: "In an action for the recovery of land, the answer of the defendant must state whether or not he claims it, or any part of it, and, if he claims part of it, his answer must so describe such part that it may be identified." The answer of appellant in this case complies with the above provision of the Code. They alleged that they were the owners of the whole boundary described in the appellant's petition. They did not attempt to plead, in their defense, the statute of limitation, and, in our opinion, it was not necessary to do so. The appellant averred ownership of the land in herself, but did not set forth in her pleading the evidence of her title. If this was not required of her, as has often been decided by this court, we cannot understand why a different rule should be made to apply to a defendant in an action of ejectment, and compel him to disclose in his pleading his evidence of title, and how and from whom he obtained it. Such a rule would be unfair, giving the plaintiff an advantage over a defendant, suffering the one to conceal and compelling the other to disclose his evidence in advance of the trial. In this case both parties claim by their pleadings to be the owners of the whole of the land in controversy. This was the issue between them, and the court properly

permitted both parties to introduce their evidence of title to the jury.

The appellant also claims that appellees and their ancestor could not obtain a title to this land by adverse possession, for the reason that it was vacant, and belonged to the Commonwealth until the year 1900, when she obtained her patent, and that the statutes of limitation do not apply to the Commonwealth. Section 2523 of the Kentucky Statutes of 1903 is as follows: "The limitations prescribed in this chapter shall apply to actions brought by or in the name of the Commonwealth, in the same manner as to actions by private persons, except when a different time is prescribed by some other chapter in this revision." This section is a part of chapter 80 of the statutes, which provides that: "An action for the recovery of real property can only be brought within fifteen years after the right to institute it first accrued to the plaintiff, or to the person through whom he claims." It seems clear that if appellees had such a possessory title to this land as they claim, the Commonwealth could not have maintained this action, and, if she could not, by the express terms of the statutes, the appellant, as patentee of the Commonwealth, could not. It is true that the Commonwealth could not be sued, nor defeated in an action by the plea of limitation, unless she has permitted it by statute. But, leaving out of view the statute copied above, under the authority of the case of Beeler v. Coy, 9 B. Mon., 312, the court did not err in permitting proof of adverse possession by appellees and their ancestor and his vendor, and giving the instructions to the jury on this question. The facts in that case were similar to the one at bar, and the

court held that the issue of a patent, at the instance of a patentee, is not an assertion of title by the Commonwealth, but a mere grant of her right as it exists. If one, therefore, has acquired a right by possession and lapse of time, the possession cannot be recovered by the patentee.

We are of the opinion that the court did not commit any error on the trial prejudicial to the substantial rights of the appellant, and the judgment is affirmed.