## Bryant v. Jones.

(Decided Oct. 5, 1934.)

FLEM D. SAMPSON, J. M. ROBSION and WILLIAM H. CAYLOR for appellant.

H. M. CLINE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

In April, 1917, J. A. Bryant, the appellant, contracted with G. W. Jones for the purchase of a small lot containing about one-fourth of an acre, situated in the outskirts of Whitley City, McCreary county, Ky., for which he was to pay his vendor $325. It appears that Jones, here the appellee, was not at the time of contracting for the sale of the lot in a position to convey the same to Bryant, here the appellant, for the reason that he was not possessed of a good and marketable title to the lot. It was therefore agreed between them that Bryant would pay $10 cash upon the purchase price and the remainder of $315 at such time as Jones might perfect his title and furnish him an abstract of title "deducible from the commonwealth" showing a good general warranty title and execute him a deed conveying him such title to the lot. In evidence of such agreement, there was executed and signed by them both the following writing:

"This bond for deed made and entered into this the 30th day of April, 1917 by and between G. W. Jones, party of the first part, John A. Bryant, party of the second part.

"Witness that the party of the first part has this day sold to the party of the second part a certain lot of land in Whitley City, Kentucky, described as follows, viz:

"On the east by Jacksborough Road, on the south by Eli Cooper lot, on the west by the land of the Holloway and Morrow, on the north by Harrison Jones lot [containing one-fourth acre, more or less] for the consideration of $325.00, paid and to be paid as follows: $10.00 in hand paid and the balance due and to be paid by the party of the second part as soon as the party of the first part furnishes to the said second party a complete abstract of title for said lot, deducible from the Commonwealth of Kentucky, showing a good General Warranty title to said party, and the party of the second part agrees to accept abstract and deed upon the same being presented as above mentioned, and pay for the same as herein set out.

"Given under our hands this the —— day of April, 1917.

"[Signed]  G. W. Jones
"[Signed]  John A. Bryant"

—which was delivered by Jones to Bryant, when the $10 cash was paid him as agreed, and immediate possession turned over to him. Thereupon, it appears the appellant erected considerable improvements upon the lot consisting of a large building, which was used by the vendee as a dwelling and storehouse, over which property he held absolute rule and dominion, being undisturbed in his actual and adverse possession of it, for more than fifteen years or from the date of the title bond given him in April, 1917, to December 19, 1932, the date on which the judgment (now appealed from) was rendered.

Some years after appellant's purchase of the property, a certain character of abstract was furnished him, and also a general warranty deed based thereon was tendered him, which he was advised was not a satisfactory and complete abstract, in that it did not show record of title to said lot "deducible from the commonwealth" or good general warranty title. The evidence is to the effect, also, that certain heirs to certain outstanding interests in the property claimed to hold such interests therein, constituting a cloud upon the title, which Jones refused to clear up, upon the grounds that it would cost him too much or be too much trouble to do so and also that the opinion given upon the abstract, as showing good title to the lot by the Hon. L. G. Campbell, an attorney, was to the effect that he had examined the muniments and chain of title to the lot or land conveyed by Jones, the appellant, and wife to Bryant and "taking it all as a whole, he considered it good as based on the line of actual possession under color of said titles." This certificate of title as furnished by the abstract, it appears, was interpreted as an admission that it failed to show a good record title as stipulated for by the title bond. Also, it was objected that the abstract of title furnished the appellant begins with the lot or land transferred from appellant Jones and wife to the appellee, John A. Bryant, and his brother, William A. Bryant, this link in the chain of title being therein shown as follows:

"Derivation and Abstract of Title—McCreary
Co., Kentucky.—

"G. W. Jones & Nancy L. Jones, his Wife

"To        Deed        *General Warranty*

"W. A. Bryant and J. A. Bryant"

Accepting this recital of the abstract of a joint deed
made by Jones to Bryant and brother, it is manifest it
would not constitute a fair compliance with the terms
of the title bond, whereby Jones undertook to convey to
John A. Bryant the said lot by a good general warranty
deed rather than to convey it to John A. Bryant and
W. A. Bryant jointly.

It further appears that this deed executed to the
vendee some seven years after his purchase of the lot
was never accepted by him as conforming with or being
in fair compliance with the terms of his contract, nor
was it ever put to record, or balance of price paid.

The vendee thus refusing to pay, thereafter his
vendor instituted suit against him, as vendee of the lot,
wherein by his petition he alleged the sale of the lot in
question to him, the execution of the title bond for its
conveyance, his later furnishing him with abstract of
title and a general warranty deed to the lot, but that
notwithstanding his doing of such things alleged as a
performance of his contract, the defendant yet failed
and refused to pay the agreed balance of $315 owing
him upon the lot, with interest thereon from April, 1917.
Therefore he prayed for a personal judgment against
the defendant for the said unpaid part of the purchase
price and interest, or, if that could not be done, he
prayed for a judgment rescinding and canceling the said
contract, and recovery of the possession of said lot with
$200 as rent therefor, and that the deed executed by him
to defendant for said lot be surrendered and canceled.

The defendant answered, admitting the making of
his contract of purchase of said lot in 1917 as set out,
but denying that plaintiff had ever presented him with
an abstract of title as in the title bond provided for or
had ever executed him a general warranty deed for said
lot which was acceptable. The defendant further ad-
mitted that he had taken possession of the lot and
erected certain buildings thereon, but denied that he had
ever refused to pay the remaining $315 as owing on the
lot. He averred that he had at all times been ready,
and was now willing and able, to pay said balance when

plaintiff rendered him a good general warranty deed to said lot, together with good abstract of title as contracted for. Further, defendant counterclaimed that by reason of plaintiff's neglect to perform his part of the contract, he had been damaged in the sum of $500, in that, during the long period in which the plaintiff had wrongfully failed to perform his contract to convey him a good title to the property, the property had greatly depreciated in value, and that he had been thereby prevented from making sale thereof to several parties who offered to buy it at a price making him a good profit, but who, upon learning that the title thereto was defective, declined to purchase it, and the property had since depreciated in value by more than the amount counterclaimed for in damages, in that its sale now would fail to bring the unpaid balance and interest owing on the lot.

Upon submission of the cause for trial and judgment, the court adjudged the plaintiff entitled to the relief sought in his petition, and that he recover the sum of $315 with interest from April 30, 1917, and further adjudged that upon the defendant's failure to pay the said adjudged sum, the contract between plaintiff and defendant of April, 1917, be set aside, and that plaintiff recover possession of the said lot with writ of possession against the defendant, putting the plaintiff in possession thereof. Further it adjudged that the plaintiff recover of defendant $200 for rent for the use of the property during the period and also that the deed executed to defendant be canceled and that he recover all of his costs incurred in the action.

Complaining of this judgment, the defendant prosecutes this appeal, wherein (among several grounds of error assigned) he mainly insists that the court erred in adjudging the plaintiff (here the appellee) the relief as above set out for the reason, he contends, that the plaintiff by the record is shown to have instituted suit against him without ever having himself performed the conditions of the contract according to its terms, as provided for by the title bond, and when defendant had not himself breached his agreement through failing to pay the balance of purchase price of the lot before the happening of the agreed event of plaintiff's executing and delivering him a good general warranty deed to the property upon performance of which by plaintiff payment was to then become due.

A reading of the terms of the title bond is in itself sufficient to show, we are of the opinion, that the delivery of a good abstract and deed by the plaintiff and payment by defendant of the unpaid balance of the purchase price of the lot were not intended by the principals to be concurrent conditions but dependent conditions, with the result that even though the vendee continued to hold and occupy the property for so long a period without payment of the contracted balance of price thereupon, it was yet clearly stipulated by the terms of their contract that defendant was not to pay such remainder of the agreed purchase price until such time as the plaintiff might perfect his then defective title and demonstrate to the defendant that he had so perfected it by furnishing him with an abstract showing record title "deducible from the commonwealth" and execute him a general warranty deed conveying such title to him. Upon such performance of plaintiff's agreement to convey him the lot, defendant was then, and only in such event, to pay him the remainder of the purchase price. Such being the clear understanding and agreement of the parties for payment by defendant of this remainder of the purchase price, it would not become due until plaintiff had rendered performance in satisfactory compliance with the undertaking of his title bond given defendant. In such a situation, his duty to pay the balance of the purchase price was dependent upon the stipulated condition precedent that plaintiff should first duly perform his part of the agreement by furnishing complete abstract and tendering to defendant a general warranty deed to the lot conveying good title thereto. "Conditions have no idiom"; they are concurrent or dependent, according to the intent of the parties, to be determined from the language of the whole contract. Where the intention of the parties can thus clearly be ascertained and is apparent, as is here the case, it follows that even though the vendee had possession of the property from 1917 to the date of rendition of the judgment in December, 1932, he was yet, under his agreement, entitled to await plaintiff's performance of his undertaking, as a condition precedent to appellant's duty to pay, to convey to him the property by good warranty deed before the payment by him of the balance of the purchase price. The result is that the defendant should not be required, as erroneously adjudged, to pay interest on this balance, as interest should

only be given against the defendant from the time of his default in its payment after it became due, and possession held and retained by appellant under such agreement did not impose the duty to pay interest. We do not conceive the facts herein presented to be similar to those found in the case of Goatley v. Harmon, 197 Ky. 669, 248 S. W. 212, 213, relied on by appellee, where the court said:

> "The appellant has now been in quiet possession of the property for years under an executed deed, containing a covenant of warranty as to the title. The appellee is neither a nonresident or insolvent; the appellant is not even threatened with a disturbance of his possession; no fraud was connected with the sale to him, and no covenant of the contract has been broken. * * *

> "It will thus be seen that it has always been the settled rule in this state that a vendee in the peaceable possession of land, by virtue of a deed containing a covenant of general warranty, is not entitled to a rescission when sued for the purchase money, unless it is made to appear that the grantor is insolvent or a nonresident, or was guilty of actual fraud, and that a mere mistake, or error of opinion, as to the title is not actual fraud within the meaning of the rule."

The rule as to the payment of interest on purchase money is thus stated in 27 R. C. L. sec. 271, p. 537:

> "Unless it is otherwise stipulated in the contract, the unpaid purchase money does not draw interest before the stipulated time for its payment though the purchaser is given possession. On the other hand, as a general rule, the purchaser is to be charged with interest from the time the purchase money should have been paid under the terms of the contract."

Under the terms of the contract here under consideration, the purchaser, though given possession of the property, was not to pay the purchase money until the plaintiff had furnished him with the promised abstract of title and tendered him a general warranty deed conveying him good title to the lot. The contract providing no stated time in which the conditions of the agreement were to be performed by plaintiff, his undertaking would be construed as being one to perform with-

in a reasonable time the terms of his agreement, which he certainly failed to do in neglecting to perform them throughout all the fifteen or sixteen years during which appellant was left in possession of the property without being furnished with an abstract and deed of the character promised. In the present case the appellant alleges in his answer that he has been ready and willing at all times to pay for the contracted property whenever plaintiff could perform his part of their agreement as expressly stipulated for by tendering an abstract showing good title and a good deed conveying it to him.

It is further a general rule that in a suit to obtain specific performance of a contract, the plaintiff must show performance, or ability, readiness, and willingness to perform his part of the contract. He must be able to convey a good and indefeasible title unless the vendee assumes the risk as to the title, especially when he has, as here, contracted so to do before any obligation or duty was to arise or rest upon the defendant to make payment of the balance of the purchase price of the lot. In a very natural sense, it may be inferred that in the instant case the appellant was prevented from paying the remainder of the purchase price of the property through the plaintiff's continuing failure to first perform his part of the contract as agreed, and it is the general principle of law that he who prevents a thing from being performed should not avail himself of the nonperformance he has occasioned, which rule may be said to not inaptly here apply.

However, the appellee contends that inasmuch as the admitted and shown continued adverse possession of the defendant of the property for the statutory period of more than fifteen years next before the rendition of the judgment against him served to cure any defect in the title originally existing and inured to the benefit of the vendor, by then placing him in a position at the end of the statutory period of such holding to convey the appellant the lot contracted for by a good general warranty deed, it would be then the duty of the appellant to accept it and pay the balance of the purchase price of the lot upon its being tendered him. With this contention we concur.

While the courts of many foreign jurisdictions hold that there is a distinction between a contract to furnish a perfect title of record or to furnish an abstract show-

ing such good record title, ''deducible from the common-wealth'' as in the instant case, and a general agreement to show a good merchantable title, in this jurisdiction it appears to be the rule that a title acquired or perfected by adverse possession constitutes a marketable title and one that a purchaser may be compelled to accept as such. Of course, all the elements necessary to clearly establish adverse possession in order to acquire title thereby as required by the statute must clearly appear. Gates v. McWilliams' Heirs, 6 Dana (36 Ky.) 42; Thacker v. Booth, 6 S. W. 460, 9 Ky. Law Rep. 745; Berryman v. Hisle, 4 Ky. Law Rep. 620; Watkins v. Pfeiffer, 29 Ky. Law Rep. 97, 92 S. W. 562.

It may be conceded to be the rule, as contended for by appellee, that the continuous adverse possession of appellee's vendee, under color of title given him by vendor, was effectual to perfect vendor's title and that such continued adverse possession of the vendee inured to the benefit of vendor so as to thereby give him a good and merchantable title to the lot sold vendee. 27 R. C. L., Beal v. Brooks' Ex'rs, 7 J. J. Marsh. 232, 23 Am. Dec. 401; Morgan's Heirs v. Boone's Heirs, 4 T. B. Mon. (20 Ky.) 291, 16 Am. Dec. 153; Jarboe v. McAtee's Heirs, 7 B. Mon. (Ky.) 279.

After a careful consideration of the record, we are of the opinion that the appellant was not entitled at the time of filing this suit to the relief asked or recovery of the purchase price against defendant for the reason that he had neither then performed, nor been in a position to perform, his contract to furnish him an abstract showing good title nor to execute deed to him conveying such title, nor does it appear that he acquired such title to convey vendee until it was acquired by the latter's adverse possession of the lot for the statutory period. At such time, appellant's title being so perfected, it devolved upon him to first tender appellant a good deed, and should the latter have then failed to pay the $315 purchase money which was due, the vendee should have been required to pay interest on the debt from that time only. However, until he had so performed his contract, which it does not appear he did, by tender of warranty deed to vendee, after his title has been thus perfected, it results that his suit against appellant was premature in having been brought upon the contract before breached by appellant and therefore before he was entitled to re-

cover against the appellant, for which reason we are of the opinion that the trial court erred in adjudging recovery of debt and interest or in the alternative possession and rent and in not dismissing the suit without prejudice (at plaintiff's cost) to a future action. Jarboe v. McAtee's Heirs, 7 B. Mon. 279.

Therefore, for the reasons hereinabove indicated, the judgment of the learned chancellor should be, and it is, reversed, with instructions that the action be dismissed at appellee's cost, without prejudice to a future action.